# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DONOVAN L. HALEY**, | * |
| Plaintiff, | * |
| v. | * Civil Action No. RWT-12-3086 |
| **SOCIAL SECURITY ADMINISTRATION**, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Donovan L. Haley ("Haley") is an inmate housed in Jamestown, California. On October 18, 2012, the Court received for filing his complaint against the Social Security Administration ("SSA"). ECF No. 1. Haley claims that SSA failed to properly respond to his Freedom of Information Act ("FOIA") requests for documents and seeks review in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides a remedy under FOIA for filing a complaint to enjoin a federal agency from improperly withholding records. *Id*.

Pending is Defendant's Motion to Dismiss. ECF No. 9. The Court will dispense with a hearing. *See* Local Rule 105.6. For the reasons stated below, the Court will, by separate Order, grant Defendant's Motion to Dismiss. ECF No. 9.

### Background

Haley indicates that on June 1, 2012, he sent a FOIA request to SSA requesting all documents relating to his mental health status and condition listed under his social security number between January 1, 1998, and January 1, 2012. He also sought all documents relating to supplemental security income benefits paid under his social security number during that time.

1

On July 1, 2012, and August 1, 2012, having received no reply to his inquiries, Plaintiff sent additional letters requesting the same information. Dawn Wiggins, Freedom of Information Officer for the Office of Privacy and Disclosure of the Social Security Administration, avers that the agency has no record of Plaintiff filing a FOIA request or any administrative appeal. ECF No. 9, Ex. 1.

## Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) 6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). The court need not accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing a complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-*

*Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

FOIA provides a mechanism for citizens to obtain documents from federal agencies, and grants the federal district courts jurisdiction to review agency compliance with citizens' requests. To make requests under FOIA, a citizen must follow the agency's published

3

regulations regarding procedures to be followed. *See* 5 U.S.C. § 552(a)(3)(A); *Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir. 1995). Before judicial review of compliance can occur, citizens must exhaust administrative agency procedures. *See* 5 U.S.C. § 552(a)(6)(C); *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 65 (D.C. Cir .1990); *see also Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1116 (C.D. Cal. 1998) ("In order to maintain a judicial action under FOIA, a plaintiff must first request documents from an administrative agency and if his request for documents is refused must exhaust his administrative remedies before filing a court action.").

After careful review of the filings, the Court finds that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies as to his FOIA request. Indeed, there is no evidence that Plaintiff even filed a request for documents with a federal agency. Accordingly, a separate Order shall be entered dismissing Plaintiff's Complaint without prejudice for failure to exhaust administrative remedies.

Date: <u>June 13, 2013</u>                        /s/
                                            Roger W. Titus
                                            United States District Judge